Pierson W. McNail *et al.*

*v.*

Andrew Welch.

*Filed at Mt. Vernon September 28, 1888.*

1. Assignment of error—*as to matters favorable to the party alleging error—absence of cross-errors.* On bill to forclose a mortgage, the defense of usury was interposed and sustained, thereby reducing the amount to be paid below that expressed on the face of the obligation.. On appeal, however, the decree was reversed, but upon grounds other than that involving the question of usury. On remandment, the mortgagor set up that the clause upon which the defense of usury had been predicated, was improperly inserted in the instrument after its execution and delivery. On this second hearing that contention was not sustained, but it was again decided that the transaction was usurious, and decree accordingly. On appeal from that decree by the mortgagor, it was considered unnecessary to inquire whether the finding upon the question of usury was right or not, because the appellant could not complain of it, as it operated in his favor by reducing the amount of the decree against him, and because the appellee had assigned no cross-errors.

2. Admission—*interposing one line of defense, as admitting the non-existence of another.* On foreclosure, usury was interposed as a defense. At a subsequent stage of the cause, by amended answer, the defendant alleged that the clause in the contract in respect of which the question of usury arose, was an unauthorized alteration of the contract after its execution and delivery. But it was considered that the defense of usury impliedly admitted the execution of the contract with that clause in it.

Appeal from the Appellate Court for the Fourth District;— heard in that court on writ of error to the Circuit Court of Washington county; the Hon. Amos Watts, Judge, presiding.

Mr. J. M. Durham, for the appellants.

Messrs. Pollock & Pollock, for the appellee.

Mr. Justice Magruder delivered the opinion of the Court:

This is a bill filed in the Circuit Court of Washington County by the appellee to foreclose a note and mortgage executed by the appellant, P. W. McNail. The Circuit Court rendered a decree in favor of the appellee, and that decree has been affirmed by the Appellate Court.

But two questions are involved and they are questions of fact. The first is whether or not the words: "if not paid within three days after due, then two per cent as damages for non-payment," were inserted in the note with the consent of the maker. The Circuit Court decided this question in the affirmative, and, as we think, correctly.

Appellee testifies as follows: "when I got the note from McNail I read it   *   *   *   ; I told him that I had been in the habit of taking notes with a clause providing that, if it was not paid within three days after due, then two per cent to be added for damages for non-payment; McNail said, 'put it in,' using the same words twice; I then wrote the words in, according to his direction; McNail was standing by me when I wrote the words in the note."

Appellant McNail testifies, "that, when he signed the note and mortgage, the stipulation as to two per cent damages was not in note, and that he never consented to the alteration, and never knew of it, so far as he remembers, until he was informed of it by his attorney."

The two parties in interest thus flatly contradict each other, and their testimony is the only direct evidence upon the subject. There are a number of circumstances, however, which tend to sustain the statement of appellee, only one of which we deem it necessary to refer to. The original bill was filed March 24, 1886, and the original answer on April 5, 1886. In this first answer McNail did not claim that there had been

any alteration in the note by the improper insertion of the clause in question, but he claimed therein that the clause was an usurious agreement. The Circuit Court found that it was usurious and rendered a decree for only $1025.00, although the note is for $1250.00. The case was taken to the Appellate Court by writ of error at the August term 1886, and the finding of the Circuit Court was sustained, but the cause was reversed for some error in figures and sent back to the Circuit Court. After its reinstatement in the latter court, McNail filed an amended answer, and, therein, for the first time claimed that the clause in question had been inserted in the note without his consent. Upon a second trial, the Circuit Court found that McNail had consented to the insertion of the clause and that there had been no improper alteration of the note, but that the note was usurious by reason of the two per cent clause. Whether the finding upon the question of usury was right or not, it is not necessary for us to inquire, because appellant can not complain of it, as it operated in his favor by reducing the amount of the decree against him, and because the appellee has assigned no cross-errors.

The defense of usury impliedly admitted the execution of the note with the two per cent clause in it, and it was only after McNail had been defeated in the Appellate Court upon his defense of payment, as hereafter set forth, that he set up a claim of alteration in the note.

The second question is, whether or not a certain payment, claimed by the maker to have been made upon the note before the bringing of this suit, was in fact made. The lower courts found that there had been no such payment.

It would serve no good purpose to enter into a discussion of the evidence. It is sufficient to say, that we have carefully examined all the testimony on both sides. We think the conclusion reached by the Appellate Court is correct. The judgment of that Court is therefore affirmed.

*Judgment affirmed.*